IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

STEVEN M. HONEYCUTT                                             PETITIONER

VS.                    CASE NO. 5:14CV00226 JM/HDY

RAY HOBBS, Director of the
Arkansas Department of Correction                               RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge James M. Moody, Jr.  Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge  (if such a  hearing is granted)  was not  offered at  the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof,  and a copy,  or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>   Clerk, United States District Court
>   Eastern District of Arkansas
>   600 West Capitol Avenue, Suite A149
>   Little Rock, AR 72201-3325

## DISPOSITION

Steven Honeycutt seeks a writ of habeas corpus pursuant to 28 U.S.C. §2254. Mr. Honeycutt is currently in the custody of the Arkansas Department of Correction (ADC). Mr. Stanley entered a guilty plea on June 3, 2013, in Craighead County Circuit Court to the charges of battery in the first degree, felon in possession of a firearm (habitual offender), and revocation of previous sentences. He was sentenced to a total of fifty years' imprisonment. Having entered guilty pleas, no direct appeal of the convictions was available. No further proceedings were filed by Mr. Honeycutt in state court.

On May 22, 2014, Mr. Honeycutt mailed his petition for federal habeas corpus relief advancing the following claims for relief:

1. He was actually or constructively denied counsel when his attorney failed to investigate the case, file a motion to suppress or a motion in limine or a motion for a change of venue;

2. He was denied a fair and impartial trial when his attorney failed to challenge the state's case, file motions, seek scientific testing, and his attorney coerced him to plead guilty;

3. He convictions were the result of a coerced confession due to his drug addiction and to erroneous advice from his attorney on the possible length of a sentence for the crime of being a felon in possession; and

4.     He was denied the effective assistance of counsel in post conviction proceedings.

The respondent contends the claims of Mr. Honeycutt are procedurally barred or, in the alternative, should be dismissed even if they are deemed not to be barred.

**Procedural Bar:** The respondent contends that all of the claims are not properly before this Court due to the petitioner's failure to adequately raise the claims in state court, as required by *Wainwright v. Sykes*, 433 U.S. 72 (1977), and its progeny. Specifically, the respondent contends that Mr. Honeycutt failed to file a petition to withdraw his guilty plea or a Rule 37 petition in state court. As a result, the Arkansas courts have not addressed any of his claims. In *Wainwright v. Sykes, supra*, the United States Supreme Court held that a federal court should not reach the merits of a litigant's habeas corpus allegation if he has procedurally defaulted in raising that claim in state court: that is, if he was aware of the ground, but failed to pursue it to a final determination. The exception created by the Supreme Court permits such an allegation to be addressed if the litigant can establish "cause" for his failure to assert the known ground and "prejudice" resulting from that failure. *See, also, Clark v. Wood*, 823 F.2d 1241, 1250-51 (8th Cir. 1987); *Messimer v. Lockhart*, 822 F.2d 43, 45 (8th Cir. 1987). The *Wainwright v. Sykes* cause and prejudice test was clarified by two subsequent Supreme Court decisions, *Smith v. Murray*, 477 U.S. 527 (1986), and *Murray v. Carrier*, 477 U.S. 478 (1986).

With respect to cause, these cases explain that the Court has "declined in the past to essay a comprehensive catalog of the circumstances that [will] justify a finding of cause." *Smith v. Murray*, 477 U.S. 533-34. Subsequent to the *Wainwright v. Sykes* decision, certain circumstances were identified as instances where cause might be found. Those circumstances are not relevant to this case, as the petitioner does not allege them to be applicable, but a recent case must be addressed. In 2012, the United States Supreme Court recognized a narrow exception to the general rule that deficient performance by an attorney in a post-conviction proceeding would not amount to cause. *See Coleman v. Thompson*, 501 U.S. 722 (1991). The exception to *Thompson*, announced in *Martinez v. Ryan*, 132 S.Ct. 1309 (2012), is: "Where, under state law, claims of ineffective

assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review proceeding, there was no counsel or counsel in that proceeding was ineffective." 132 S.Ct. at 1320. The later case of *Trevino v. Thaler*, 133 S.Ct. 1911 (2103), involving Texas law, strongly suggests that the Arkansas postconviction framework triggers the exception announced in *Martinez v. Ryan*.

If we were to assume that the *Martinez* exception applies, the natural progression would be to consider the merits of the claims. *Trevino v. Thaler*, 133 S.Ct. at 1921. However, the *Martinez* case explicitly indicates that a federal habeas court should entertain claims that are *substantial*.

We consider whether the claims of Mr. Honeycutt amount to substantial claims. The *Martinez* decision guides our decision, noting that an insubstantial claim is one that "does not have any merit or that is wholly without factual support." 132 S.Ct. at 1319. Here, we find that the claims of Mr. Honeycutt are not substantial claims. As a result, the *Martinez* exception does not provide an avenue for excusing the procedural default in state court.

As a general proposition, it is more difficult for a petitioner to demonstrate his claims of ineffective assistance of counsel are substantial when, as here, he entered guilty pleas and addressed the issue of his attorney's performance. Here, the transcript of the guilty plea hearing is helpful in considering whether the claims now advanced by Mr. Honeycutt are substantial. Some examples:

Trial judge: "Do you understand that the maximum penalty under Arkansas law for the Petition to Revoke . . . is imprisonment of not less that 5 nor more than 20 years . . .? On the Battery First Degree . . . it's not less than 5 nor more than 40 years . . .? On the felon in possession of a Firearm under the Habitual Offenders Act, it's not less than 5 nor more than 40 years?"

Mr. Honeycutt: "Yes, sir, I do."

Trial judge: "Do you understand that they could be stacked on top of each other so you could be sentenced up to 100 years in the Arkansas Department of Corrections, or a fine not to exceed $45,000, or by both fine and imprisonment; do you understand that"

    Mr. Honeycutt: "Yes, Your Honor."

Docket entry no. 8-5, pages 4-6.

    Trial judge: "Has there been any force, threats, or promises made, other than the plea agreement,"

    Mr. Honeycutt: "No, sir."

    Trial judge: " - - - to get you to plead guilty to these charges?"

    Mr. Honeycutt: "No, sir, by no means."

    Trial judge: "Are you pleading guilty freely and voluntarily . . . because in truth and fact you did do this?"

    Mr. Honeycutt: "Yes, sir, Your Honor."

Docket entry no. 8-5, pages 7-8.

    The battery first degree charge was originally an attempted first degree murder charge, and the facts supplied by the petitioner and the prosecutor reflected that Mr. Honeycutt pointed a sawed-off shotgun at the victim's head and pulled the trigger, which didn't fire, then kicked the female victim causing cracked ribs and a collapsed lung. The Court recited the petitioner's criminal history, citing approximately fourteen prior felony convictions, thus invoking the habitual offender provisions[1].

    Trial judge: "Mr. Honeycutt, have you discussed this case with your lawyer, Mrs. Henry?"

    Mr. Honeycutt: "Yes, sir, most definitively."

    Trial judge: "Are you satisfied with her representation of you?"

    Mr. Honeycutt: "Yes, sir, by far."

    Trial judge: "Do you believe that her advice has been in your best interest?"

    Mr. Honeycutt: "There is no doubt, Your Honor."

---

[1] One of the allegations in ground three raised by Mr. Honeycutt is that his attorney erroneously advised him as to the possible sentence for being a felon in possession of a firearm. The trial judge's statement that Mr. Honeycutt, an habitual offender, was exposed to a term of 5-40 years, went unchallenged by Mr. Honeycutt at the guilty plea hearing. The trial court's statement of the possible sentence is consistent with Ark. Code Ann. §5-4-501(b)(2)(C).

. . . Trial judge: "Are you under the influence of alcohol or narcotics at this time?"

Mr. Honeycutt: "No, sir."

Docket entry no. 8-5, pages 11-12.

After reading the sentences imposed, the trial judge inquired if Mr. Honeycutt heard and understood the sentences, and if those sentences were what he thought he would receive if he entered guilty pleas. Mr. Honeycutt answered, "Yes, sir, I did." Docket entry no. 8-5, page 14.

The claims now advanced by Mr. Honeycutt fault his attorney for various acts and omissions: failing to investigate, failing to file motions to suppress, in limine, for change of venue, for scientific testing, and giving incorrect advice regarding the possible sentence for the felon in possession charge. He also generally claims his attorney coerced his confession. However, the *Martinez* case demands more than stark assertions of error. In the absence of some factual support for these assertions, they are not substantial claims of ineffective assistance of counsel. Since they are not substantial claims, the *Martinez* exception to the procedural default analysis does not apply. Therefore, we recommend that the claims of Mr. Honeycutt be dismissed due to procedural default, and the relief requested be denied.[2]

Pursuant to 28 U.S.C. § 2253 and Rule 11 of the Rules Governing Section 2554 Cases in the United States District Court, the Court must determine whether to issue a certificate of appealability in the final order. In § 2254 cases, a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). The Court finds no issue on which petitioner has made a substantial showing of a denial of a constitutional right. Thus, we recommend the certificate of appealability be denied.

---

[2] If we were to assume no procedural barrier existed to the consideration of the claims, the ultimate result would be no different, as we find no merit to the claims for relief, for the reasons stated herein.

IT IS SO ORDERED this  26  day of September, 2014.

                                                                                 UNITED STATES MAGISTRATE JUDGE